IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Krystian Louise Swinton, | ) |
|                        Plaintiff, | ) Case No. 4:21-cv-00042 |
| vs. | ) |
| Synchrony Financial, | ) |
| Serve CEO Margaret M. Keane at:<br>777 Long Ridge Rd.<br>Stamford, CT 06902 | ) |
|                        Defendant. | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Krystian Louise Swinton, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in her Complaint for Damages states and alleges to the Court as follows:

**INTRODUCTION**

This is an action for damages brought by individual consumer Krystian Louise Swinton against Synchrony Financial for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

**JURISDICTION AND VENUE**

1.  Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2.  Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

**PARTIES AND SERVICE**

3.  Krystian Louise Swinton, (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Missouri.

1

4. Defendant Synchrony Financial, (hereafter "**Defendant**"), is a consumer financial company that regularly conducts business in Missouri and may be served through its CEO Margaret M. Keane at 777 Long Ridge Rd., Stamford, CT 06902.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On October 21, 2019, Plaintiff filed a Chapter 7 Bankruptcy in the Western District of Missouri, Case No. 19-42681-btf7.

6. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on October 22, 2019 showing Defendant was sent numerous notices of Plaintiff's bankruptcy.

7. The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

8. Plaintiff had three retail store credit cards issued by Defendant for Walmart, Old Navy and QVC that were discharged.

9. The pertinent pages of Plaintiff's Schedule F are attached as Exhibit B.

10. Plaintiff received her discharge on January 29, 2020.

11. The BNC Certificate of Mailing of the Notice of Discharge of Debtor showing Defendant was sent numerous notices of Plaintiff's Discharge is attached as Exhibit C.

12. On May 29, 2020, Plaintiff received and reviewed her credit reports from Equifax and Experian.

13. To Equifax, Defendant was incorrectly reporting the debt on the Old Navy credit card as "Over 120 Days Past Due" and "Paid for Less Than Full Balance", rather than Discharged.

14. The pertinent pages of Plaintiff's Equifax credit report are attached as Exhibit D.

15. To Experian Defendant was incorrectly reporting the debts on the Old Navy and QVC credit cards as "Paid in Full for Less Than Full Balance, rather than Discharged.

16. The pertinent pages of Plaintiff's Experian credit report are attached as Exhibit E.

17. Assuming Defendant was reporting the same information to TransUnion, on June 3, 2020 Plaintiff sent letters with her bankruptcy information to Equifax, Experian, and TransUnion disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i.

18. Copies of Plaintiff's dispute letters are attached as Exhibit F.

19. Plaintiff did not receive reinvestigation results from Equifax, Experian, or TransUnion; accordingly, on August 18, 2020, Plaintiff sent second letters with her bankruptcy information to Equifax, Experian, and TransUnion disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i.

20. Copies of Plaintiff's second dispute letters are attached as Exhibit G.

21. The pertinent page of Plaintiff TransUnion reinvestigation results is attached as Exhibit F.

22. Plaintiff received Equifax reinvestigation results dated September 11, 2020, showing Equifax sent an Automated Consumer Dispute Verification (hereafter "ACDV") to Defendant as required by 15 U.S.C. §1681i, and Defendant verified the reporting, but failed to add "Discharged in Bankruptcy" to the account.

23. The pertinent page of Plaintiff's Equifax reinvestigation results is attached as Exhibit H.

24. Plaintiff received Experian reinvestigation results dated September 2, 2020, showing Experian sent an ACDV to Defendant as required by 15 U.S.C. §1681i, and Defendant verified the reporting, but failed to add "Discharged in Bankruptcy" to both accounts.

25. The pertinent page of Plaintiff's Experian reinvestigation results is attached as Exhibit I.

26. TransUnion corrected the errors internally and added "Included in Bankruptcy" to both accounts.

27. The pertinent page of Plaintiff's TransUnion reinvestigation results is attached as Exhibit J.

28. Defendant's failure to conduct a reasonable investigation of Plaintiff's accounts was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

29. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## SYNCHRONY FINANCIAL
## VIOLATIONS OF THE FCRA

30. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

31. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

32. Defendant qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

33. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or

which such furnishers have reason to believe is inaccurate.

34. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

35. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

36. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

37. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

38. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

39. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

40. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

41. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

42. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

43. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

44. After receiving notice of Plaintiff's dispute letters from Equifax and Experian, Defendant should have conducted a reasonable investigation and properly updated the information reported on Plaintiff's accounts yet failed to do so.

45. As a result of the actions of Defendant, Plaintiff suffered damages including reduced credit scores, emotional distress, and frustration.

46. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

47. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

48. Although both accounts were settled for less than full balance, or charged off, prior to Plaintiff's bankruptcy, Defendant's failure to report Plaintiff's bankruptcy on both accounts rendered Plaintiff's credit files inaccurate and incomplete.

49. When Defendant charged off the accounts, it still left a charge off balance on

6

Plaintiff's credit file.

50. Notating Plaintiff bankruptcy discharge reflects any charge off balance was included and discharged in Plaintiff's Chapter 7 bankruptcy.

51. Furnishers are required to "update the CII indicator status of accounts discharged in Chapter 7 Bankruptcies with an 'E' notation, i.e. 'Discharged in Bankruptcy'". *Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F.Supp.3d 1136, 1149 (S.D. Cal. 2018).

52. Defendant was notified by Equifax and Experian of Plaintiff's dispute requesting an investigation that it was reporting inaccurate information on Plaintiff's credit report.

53. Defendant elected to ignore that information it received, failed to do a reasonable investigation, and refused to fully correct and update Plaintiff's credit report.

54. The purpose of the investigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself considering all available information.

55. Defendant knew it was required by law to have investigation procedures and protocols in place to investigate Plaintiff's account information and Defendant's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiff's accounts constitutes willful, conscious, and reckless disregard for Plaintiff's rights, including those under the FCRA.

56. Defendant's failure and refusal to conduct a reasonable investigation and correct the information constitutes a willful violation of the FCRA.

57. This failure and refusal are compounded by Defendant's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of

7

Plaintiff and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant in such sum as will deter Synchrony Financial and others in the future from similar conduct, and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Krystian Louise Swinton respectfully requests this Court award the following:

a. Actual Damages,

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiff's Equifax and Experian credit reports; and

f. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Herring
Chelsea S. Herring #51089
The Law Offices of Tracy L. Robinson, LC
600 E. 8th St., Suite A
Kansas City, MO 64106
Phone: (816) 778-7328 Direct Line
Fax: (816) 842-0315
chelseah@tlrlaw.com
Attorney for Plaintiff